Gilmore, J.
The questions necessary to a determination •of this case may be stated as follows:
1. Was the garnishee bound by the service of the order and notice, from the time such service was made, and there *323 fore liable for the money that was paid over to the defendant in attachment after such service was made ?
2. Was it a good defense to show that the defendant in attachment 'was a resident of Ohio, the head of a family— not the owner of a homestead — and therefore entitled to hold the money in the garnishee’s hands, under the exemption laws of the state?
The first question will be best answered by reference to the following sections of the act regulating the civil jurisdiction of justices of the peace. Section 37 provides for service upon the garnishee of a copy of the order of attachment, and a written notice to appear before the justice and answer, etc. Section 38 directs the manner of service •as follows: “ If he be a person, they (the copies) shall be served upon him personally, or left at his usual place of •residence.”
Section 39 requires the garnishee to appear before the justice, and answer, etc.
Section 51 declares that “ the garnishee shall stand liable io the plaintiff in attachment for all property, moneys, and credits in his hands, or due from him to the defendant, from the time he is served with a written notice, mentioned in section 37.”
These provisions are clear and definite,, and the only point, in defense, made by the defendant below;, was that although the money was in his hands, at the time the service was made by copies left at his residence, and was paid over to McRill, after the service was so made, yet he was absent from home at the time, and had no actual notice of either the service or payment of the money, until after both had happened, and that he was not therefore bound and liable to repay the money.
By the express language of the section, last above cited, it seems that the- garnishee is liable from the time he is served with notice, and no distinction is drawn between personal service and service by leaving copies at the garnishee’s usual place of residence, and it is probable that this court would not be able to draw any line of distinction *324 in ordinary cases between the modes of service thus pointed' out. In this case, however, without deciding the point indicated, we may safely put the decision on the ground that there was a statutory service of notice in the case, of which the wife, who was the agent of the defendant, had notice- and knowledge before the money was paid over, and with such notice and knowledge, did pay the money over to McRill, in violation of the right of the attaching creditor, and that the act of the agent, under such circumstances, binds the principal. The defense resting on this ground, was not, for this reason, tenable in law.
Before proceeding to decide the second question, it may be proper to notice the fact that McRill, the judgment debtor in the justice’s court, was not, and is not a party to the proceedings against the garnishee, either originally before the justice, or made so on motion before the Court of Common Pleas; and while his exemption rights maybe all that the garnishee claims for him, and which might be determined in his favor if he were properly before the-court, the question is, can the garnishee set up the exemption rights of McRill to defeat a recovery against him in this ease? We think not. While the exemptions in favor of debtors are, by the statute, tendered and extended to all alike who fall within its provisions, yet no rule is better settled than this: That these statutory rights, in cases where the exemption depends upon selection or demand, as in cases like this, may be waived expressly in terms, or impliedly, by failing to assert the right or make-file demand at the proper time, and the right can not be negotiated or transferred. The general right is statutory, the particular right is strictly personal, and in practice becomes simply a personal privilege, to be asserted or not at the will of the person in whose favor the right exists.
In this case, McRill is not here exercising his right of demanding the exemptions of the law.
As the case stood in the court below, the plaintiff Conley was, by operation of law, substituted to all the rights of McRill against Chilcote, before the latter was served as *325 garnishee. And standing as he did, Chilcote could make no defense against Conley that he could not have made in an action brought against him by McRill before he had paid over the money; for we have found, that as against Conley, the money was paid to McRill in violation of his rights. It is manifest that if there had been no attachment, ■and McRill had brought an action against Chilcote to recover the money in his hands, the latter could not have .successfully defended against a recovery, on the ground that the statute exempted the money in McRill’s favor, and it is just as plain that the defense is no better as against Conley than it would have been against McRill.

Judgments of the District Court and Court of Common Pleas reversed.

McIlvaine, C. J., Welch, White, and Rex, JJ., concurred.